UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DIOGU KALU DIOGU, II,** *et al.*, | § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-3299 |
| **LAKELAND WEST CAPITAL 41, LLC** *et al.*, | § § § | |
| **Defendants.** | | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] are Defendants' Motions to Dismiss. (Dkt. Nos. 11, 15, 16, 17, 18, 19.) Also pending before the court are Plaintiffs' Motion for an Extension of Time, Motion to Dismiss, Motion for Judgment on the Pleadings, Motion Requesting an Oral Argument and Objecting to Motions 15–18. (Dkt. Nos. 24, 28, 35, 36.) Additionally, pending are Defendants' Motion for Referral to the Bankruptcy Court (Dkt. No. 44), Plaintiffs' Emergency Motions for a Hearing (Dkt. No. 47, 48, 54), and Defendants' Motion to Stay Discovery (Dkt. No. 60.) Based on a thorough review of the motions, arguments, and relevant law, the Court **RECOMMENDS** the Motion for Referral to the Bankruptcy Court (Dkt. No. 44) be **GRANTED** and all other pending motions be **REFERRED** to the Bankruptcy Court.

**I.    BACKGROUND**

On September 27, 2022, attorney Diogu Kalu Diogu II filed this *pro se* claim in this Court on behalf of himself and his two 13-year-old minor children (collectively "Plaintiffs") against Lakeland West Capital 41, LLC, and Adam Mckee, Jeff Leva; Sandy Dasigenis; Lillian

---

[1] The District Court referred the case to the undersigned on May 3, 2023. (Dkt. No. 58.)

Poetker; DBA Foreclosure Network Of Texas, Kim E. Lewinski; Mr. Bradley E. Rauch; Michael J. Durrschmidt; and Hirsch & Westheimer, PC; Eva Shafir Englehart and Marc Douglas Myers; Kevin M. Epstein of the US Trustee, Region 7 (collectively "Defendants"). (Dkt. No. 1).

Previously, Plaintiff filed a claim against Defendants in Fort Bend County, which was later removed to this Court, for an application to enjoin foreclosure. *Diogu v. Lakeland West Capital 41, L.L.C. et al*, 4:21-cv-03201 (S.D.T.X. dismissed on November 16, 2021.) Plaintiffs then filed for Chapter 13 bankruptcy on November 2, 2021, in the United States Bankruptcy Court for the Southern District of Texas. *In re Diogu Kalu Diogu, II*, Doc. No. 1, Bk. No. 21-33581 (Bankr. S.D.T.X. filed Nov. 2, 2021). Accordingly, Judge Lake dismissed the case seeking to enjoying foreclosure on November 16, 2021. *Diogu*, 4:21-cv-03201. Judge David R. Jones converted Plaintiff Diogu Kalu Diogu II's bankruptcy case into a Chapter 7 case. *In re Diogu Kalu Diogu, II*, Bk. No. 21-33581. The Chapter 7 case and an adversary proceeding between Lakeland and Diogu Kalu Diogu II are still pending before Judge Jones. *Lakeland West Capital 41, LLC v. Diogu, II et al*, Adversary Proceeding No. 22-3164 (Bankr. S.D.T.X. filed June 6, 2022).

In the instant case, while altogether convoluted, Plaintiffs seemingly contest the actions of the Defendants in the associated bankruptcy proceedings. (Dkt. No. 13.) Plaintiffs contend that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and that their conduct was negligent. (*Id.*) Particularly, Plaintiffs assert that Defendants' prior claims were time-barred. (*Id.* at 12–13, 18–19.) Beyond these claims of unfair debt collection attempts, Plaintiffs also raise arguments that due to Defendants' actions Plaintiff Diogu Kalu Diogu II suffered a stroke which resulted in the remaining Plaintiffs suffering emotional pain and having a ruined perfect attendance record at their school. (*Id.* at 25, 36, 48.)

## II.     DISCUSSION

"Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C.A. § 157(a). The Southern District of Texas provides for the automatic referral of such cases to the bankruptcy judges of this district. *In re Covia Holdings Corp.*, No. 4:22-CV-02260, 2022 WL 2972276, at *1 (S.D. Tex. July 27, 2022); *see In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). Under this Order, all related proceedings, whether core or not, should be referred if related to a bankruptcy case. *Andrus v. Black Elk Energy Offshore Operations, LLC*, No. CV H-16-611, 2016 WL 2839288, at *2 (S.D. Tex. May 13, 2016) (citing *In re DeRosa-Grund*, 544 B.R. 339, 362 (Bankr. S.D. Tex. 2016) ("In the Southern District of Texas, General Order 2012–6 . . . automatically refers all eligible cases (which include contested matters) and adversary proceedings to the bankruptcy courts.")).

Here, this case is clearly related to the two pending bankruptcy proceedings. Defendants accurately point out the many times Plaintiffs reference the bankruptcy proceedings. (Dkt. No. 44 at 3–4 (citing Docket No. 13)). As described above, Plaintiffs' claims go far beyond a mere tangential relation, as they argue that Defendants' conduct in the ongoing bankruptcy cases violates the FDCPA. Thus, the instant case should be automatically referred to the bankruptcy court.

Moreover, Defendants correctly assert that Plaintiffs failed to timely respond to this motion for referral to bankruptcy court. (Dkt. No. 56.) Under Rule 7.4 of this Court's local rules, by not responding Plaintiffs admit to "no opposition." *Pinder v. Skero*, 375 F. Supp. 3d 725, 734 (S.D. Tex. 2019). Plaintiffs later filed a response to Defendants' Certificate of No Response.

(Dkt. No. 57.) However, even if this was to be considered as opposition to referral, this response is altogether nonsensical. Plaintiffs seem to be arguing throughout this response that both this Court and the bankruptcy court lack jurisdiction over this "legal action," despite Plaintiffs bringing this lawsuit. Plaintiffs seem to conflate individual motions with legal actions, as exemplified by their assertion in the Corrected Amended Complaint that Defendants have prosecuted an "excess of sixty-eight (68) legal actions." (Dkt. No. 13 at ¶¶ 11, 182–244.)

Defendants are also correct that the Court is unlikely to later withdraw the proceeding. (Dkt. No. 44 at 7.) "The party seeking withdrawal of the reference bears the burden of establishing cause." *In re Covia Holdings Corp.*, 2022 WL 2972276, at *1. Title 28, Section 157(d) provides for mandatory or permissive withdrawal of a referral to bankruptcy court. *Id.* The mandatory provision of this statute states that "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C.A. § 157(d). "Courts generally interpret the mandatory withdrawal provision restrictively, granting withdrawal of the reference when the claim and defense entail material and substantial consideration of non-Bankruptcy Code federal law." *Levine v. M&A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008). "To find that a claim involves 'substantial and material consideration' of non-bankruptcy federal law, the court must find the claim will involve an interpretation of the federal law rather than the mere application of well-settled law." *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 348 (S.D. Tex. 2009). This interpretation ensures 'that the mandatory withdrawal requirement "does not became an 'escape hatch' for

matters properly before the bankruptcy court.'" *In re Mem'l Prod. Partners, L.P.*, No. 17-3365, 2018 WL 4501456, at *2 (S.D. Tex. Sept. 20, 2018) (citations omitted).

Here, Plaintiffs are unlikely to meet their burden of showing that the instant case involves interpreting non-Title 11 law instead of routine application of federal law. Plaintiffs do not demonstrate the necessity of interpretation in their Corrected Amended Complaint. (Dkt. No. 13.) Moreover, given the convoluted nature of this Complaint, it is likely the bankruptcy court will find any non-title 11 claims to be frivolous. Plaintiff Diogu Kalu Diogu II has a history of filing frivolous actions and is currently listed on the Texas Judiciary's List of Vexatious Litigants Subject to a Prefiling Order as a vexatious litigant in Fort Bend County. *See Vexatious Litigants*, TEXAS JUDICIAL BRANCH, https://www.txcourts.gov/judicial-data/vexatious-litigants.aspx (updated May 11, 2023).

The permissive provision of Section 157(d) states that "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C.A. § 157(d). In *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985),

> "[t]he Fifth Circuit provide[d] a list of six factors for a district court to consider in determining whether cause is shown for permissive withdrawal, including: whether '(1) the underlying lawsuit is a non-core proceeding; (2) uniformity in bankruptcy administration will be promoted; (3) forum shopping and confusion will be reduced; (4) economical use of debtors' and creditors' resources will be fostered; (5) the bankruptcy process will be expedited; and (6) a party has demanded a jury trial.'"

*In re MPF Holding US LLC*, 2013 WL 12146958, at *2 (citations omitted).

Due to Judge Jones already presiding over the pending bankruptcy case and adversary proceeding, promoting uniformity, curbing forum shopping and confusion, preserving resources, and expediting the bankruptcy would all be furthered by the case remaining in bankruptcy court

after referral. Plaintiffs highlight their demand for a jury trial in their response. (Dkt. No. 57 at 12.) However, "even if a jury trial is ultimately necessary, immediate withdrawal of [a] reference is not required." *In re Westech Cap. Corp.*, No. 16-10300-TMD, 2022 WL 2912011, at *2–3 (Bankr. W.D. Tex. July 22, 2022). Withdrawal can "be deferred until [the bankruptcy] court has ruled on all dispositive motions, to further judicial economy and expedite the bankruptcy process." *Levine*, 400 B.R. at 203. Thus, as factors two through five clearly weigh in favor of no withdrawal and factor six need not be weighed at this time, the Court need not delve into the merits of which of Plaintiffs' claims are core or non-core proceedings. *See In re Morrison*, 409 B.R. 384, 396 (S.D. Tex. 2009) ("Courts have declined to grant withdrawal of the reference solely because the claims presented are non-core."). Accordingly, permissive withdrawal is highly unlikely.

In summary, both mandatory and permissive withdrawal are improbable outcomes in this action. Thus, under General Order 2012-6, the instant case should be automatically referred to the Bankruptcy Court for the Southern District of Texas.

### III. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** the Motion for Referral to the Bankruptcy Court (Dkt. No. 44) be **GRANTED** and all other pending motions be **REFERRED** to the Bankruptcy Court.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on May 23, 2023.

Sam S. Sheldon
United States Magistrate Judge